ANDREA GONZÁLEZ Y LUGO, ETC., Plaintiff and Appellant, *v.* HEIRS OF MARIO SÁNCHEZ Y QUIÑONES, Defendants and Appellees.

No. 4509. Argued November 6, 1929.—Decided November 14, 1929.

*L. López de Victoria,* for appellant.   Appellees did not appear.

MR. JUSTICE ALDREY delivered the opinion of the court.

After default entered in the action of filiation herein a judgment of dismissal was rendered, from which this appeal is taken.

Andrea González Lugo, on behalf of her minor daughter María Luisa González, sued in 1927 the widow and minor children of Mario Sánchez Quiñones, who died in 1921, and alleged that she and Mario Sánchez Quiñones lived in concubinage from 1912 to 1915 under the same roof as husband and wife, both being single and without impediment to contract marriage; that during that time there took place the conception and birth of the girl, María Luisa, who thereafter was always held out by Mario Sánchez Quiñones as his daughter, publicly and privately and that he contributed to her support and education.

The only witnesses who testified at the trial were plaintiff's mother and the mother of Mario Sánchez Quiñones, and their testimony established the facts alleged in the complaint as grounds for the action prosecuted, and that during the pregnancy of the mother and the birth of the girl her parents lived together under the same roof, publicly, as husband and wife until 1915.   The girl was born on August 19, 1913.

Notwithstanding the above testimony, the trial court dismissed the complaint on the ground that, the action having been instituted under section 189 of the Civil Code, in connection with section 193, it was necessary to show—which

was not done—that the parents at the time of conception contemplated marriage or were engaged to be married, citing the case of *Medina* v. *Heirs of Bird,* 30 P.R.R. 151. This is assigned as error by the appellant.

The case cited by the lower court refers to section 189 of the Civil Code, as in force in 1903, providing that the father may be compelled to acknowledge his natural child, among other cases, when the mother was known to have lived in concubinage with the father during the pregnancy or the birth of the child, or when the child was born while his parents were engaged to be married. In that case we held that it had not been proved that the parents had lived in concubinage because it was not concubinage for a man to install a woman in a house and frequently visit her, especially if he had an independent home of his own, as the evidence in that case tended to show; and that although it was alleged in the complaint that the parents had maintained amorous relations (*relaciones amorosas*) such words meant a relation of lovers with marriage more or less in anticipation.

Such cited statutory provision and the judgment based thereon have no application in the present case since that section was amended in 1911, prior to the birth of María Luisa in 1913, eliminating all reference to amorous relations and leaving only the provision that the child is entitled to acknowledgment "when the mother has been known to have lived in concubinage with the father during the pregnancy or birth of the child."

Therefore, in view of the fact that concubinage has been proved herein and that it was not necessary to show that the parents were engaged to be married, the judgment appealed from must be reversed and another rendered for plaintiff, without special pronouncement of costs.

Mr. Justice Texidor took no part in the decision of this case.